IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | | |
|---|---|---|
| LEROY SPANN, | : | No. 71 MAP 2016 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 728 MD |
| | : | 2012 dated June 9, 2016. |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE AND | : | |
| PENNSYLVANIA STATE POLICE, | : | |
| | : | |
| Appellees | : | |

## CONCURRING STATEMENT

**JUSTICE MUNDY**                                    **FILED: August 16, 2017**

I agree that in light of this Court's recent decision in *Commonwealth v. Muniz*, ___ A.3d ___, 2017 WL 3173066 (Pa. July 19, 2017), the Commonwealth Court erred in rejecting Appellant's argument that SORNA is an *ex post facto* law.[1] However, if I were writing on a blank slate, I would conclude that SORNA does not violate the *Ex Post Facto* Clauses of the Federal and Pennsylvania Constitutions.

I have previously expressed my views in this area in *Commonwealth v. Perez*, 97 A.3d 747 (Pa. Super. 2014). Therein, the Superior Court balanced the factors articulated under *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). The panel concluded that SORNA's requirement that an offender appear physically in person to regularly update his or her information was "an affirmative restraint," weighing in favor of

---

[1] I did not participate in *Muniz*, which was argued with *Commonwealth v. Gilbert*, 48 MAP 2016, a case in which I participated on the Superior Court.

concluding SORNA was punitive, and therefore an *ex post facto* law. *Perez*, 97 A.3d at 754. However, the court also concluded that the other six factors did not weigh in favor of concluding SORNA was punitive. *See id.* 754-58. Balancing these factors, *Perez* concluded that SORNA was not punitive, and therefore not an *ex post facto* law under the Federal Constitution.[2] *Id.* at 758-59.

I continue to believe that *Perez* was correctly decided and struck the proper balance under controlling cases from the Supreme Court of the United States. I therefore disagree with *Muniz*'s conclusion that SORNA violates the *Ex Post Facto* Clause of the Federal Constitution. Even assuming that *Muniz*'s federal constitutional analysis was correct, its analysis should have properly ended there, since any claim under the Pennsylvania Constitution is moot. *See generally Pap's A.M. v. City of Erie*, 719 A.2d 273, 281 n.12 (Pa. 1998) (concluding that since a local ordinance violated the First Amendment of the Federal Constitution, there was no need to consider whether the ordinance also violated the Pennsylvania Constitution), *rev'd*, 529 U.S. 277 (2000). Since the Court decided to reach that argument, I agree with Justice Wecht that the *Ex Post Facto* Clause of the Pennsylvania Constitution does not provide higher protections than its federal counterpart. *See Muniz*, 2017 WL 3173066, at *26-33 (Wecht, J., concurring).

Although I disagree with *Muniz*'s conclusions, they are now the law of this Commonwealth. As such, they must be applied in a meaningful way. No sensible reading of *Muniz* would permit the Commonwealth Court's contrary judgment to stand. I

---

[2] The panel did not address Perez's claim under the Pennsylvania Constitution, due to his failure to conduct an analysis pursuant to *Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991) in his brief. *See Perez*, 97 A.3d at 759-60.

therefore join the Court's order in this case, because it correctly applies *Muniz* and reverses the Commonwealth Court's order in this regard.